**STATE of Missouri, Plaintiff–Respondent,**

v.

**Leon R. WILL, Defendant–Appellant.**

**No. 15529.**

Missouri Court of Appeals, Southern District, Division Two.

July 8, 1988.

Pete E. Carter, Pearson & Carter, St. James, for defendant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Nancy K. Yendes, Asst. Atty. Gen., Springfield, for plaintiff-respondent.

MAUS, Judge.

An information filed on November 13, 1978, alleged the appellant, Leon R. Will, committed felonious assault in Dent County. He entered a plea of not guilty by reason of mental disease or defect. The plea was accepted by the state. Pursuant to § 552.040.2, the appellant was committed to the Director of the Department of Mental Health.

On July 21, 1987, the appellant filed in the Circuit Court of Dent County the last of a series of applications for release under § 552.040.4. In a manner not disclosed by the record, a copy of the application was served on that date on the prosecuting attorney of Dent County. On July 21, 1987, the prosecuting attorney filed a written objection to the release. The appellant sent a copy of the application by certified mail to the Department of Mental Health. A receipt for certified mail in the record shows that one Ted Reid signed for the receipt of that copy on July 21, 1987. On September 25, 1987, the Circuit Clerk of Dent County sent by certified mail a copy of the application with a cover letter to the Director of the Department of Mental Health and the Superintendent of the State Hospital at Farmington. On September 30, 1987, the director and superintendent filed written objections to the release.

**334**

For divers reasons, a hearing was not held upon the appellant's application until November 6, 1987. At the conclusion of the hearing the circuit court entered its judgment denying the application.

The appellant's sole point on appeal is stated as follows:

> The trial court erred in failing to grant appellant's application for unconditional release in that appellant filed his application for unconditional release on July 21, 1987. Service was made on the prosecuting attorney by the clerk of the circuit court and the prosecuting attorney filed an answer to the application on July 21, 1987 and no hearing was held nor was counsel appointed until after the sixty (60) day time period allowed by statute for hearing on this cause had already run and because the time period allowed by statute had run the court no longer had jurisdiction over the person of the appellant.

The relevant portion of § 552.040.4 reads as follows:

> Any party objecting to the proposed release must do so in writing within fifteen days after service. Within a reasonable period of time after any written objection is filed, which period shall not exceed sixty days unless otherwise agreed upon by the parties, the court shall hold a hearing....

The appellant's point is based upon the proposition the objections filed by the director and superintendent were untimely filed and ineffective to establish a 60-day period in which a hearing could be held. He argues this is true because it was the duty of the circuit clerk to cause service to be made upon the Director of Mental Health and the head of the facility where the appellant was committed.

It is not necessary to address this argument. The appellant's basic point that a failure to hold a hearing within the 60-day period prescribed by § 552.040.4 deprives the circuit court and director of jurisdiction over his person is unsound. The appellant acknowledges that *State v. Hoover*, 719 S.W.2d 812 (Mo.App.1986) holds contrary to his position. But, he contends that decision ignores the rights of prisoners and is unsound.

This court does not agree with that contention of the appellant. In *State v. Hoover*, supra, the Western District in an exceptionally well reasoned opinion construed the time limitations of § 552.040.4. It concluded the provision "which period shall not exceed 60 days unless otherwise agreed upon by the parties, the court shall hold a hearing" is directory and not mandatory. *State v. Hoover*, supra, at 818. This court adopts that construction. The judgment of the trial court is supported by competent evidence and is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.